UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Kayla Lynn Ellison**

    **v.**

Case No. 14-cv-35-PB
Opinion No. 2015 DNH 009

**Carolyn W. Colvin,**
**Acting Commissioner of the**
**Social Security Administration**

**MEMORANDUM AND ORDER**

Kayla Lynn Ellison seeks judicial review of a ruling by the Social Security Administration denying her application for supplemental security income ("SSI").  For the reasons set forth below, I deny Ellison's request and affirm the decision of the Commissioner.

**I.  BACKGROUND**

**A.  Stipulated Facts**

Pursuant to this court's Local Rule 9.1, the parties have submitted a joint statement of material facts, which is part of the court's record (Doc. No. 11).  The facts relevant to the disposition of this matter are discussed below.

**B.**   **Procedural History**

On January 9, 2012, Ellison applied for SSI, alleging a disability beginning May 15, 2010.  She was 23 years old at the time and was working part-time at an externship as part of her continuing education to become a medical assistant.  The Commissioner denied her application on April 16, 2012, and Ellison requested a hearing before an administrative law judge ("ALJ").  On November 13, 2012, Ellison, her counsel, and a vocational expert appeared before an ALJ.

A month later, the ALJ issued an Unfavorable Decision, finding that Ellison was not disabled within the meaning of the Social Security Act.  He determined that Ellison had not engaged in substantial gainful activity since her application date of January 9, 2012, and he concluded that she suffers from the following severe impairments: "mood disorder not otherwise specified, diabetes, and obesity."  Tr. at 87.  The ALJ found that Ellison had the residual functional capacity ("RFC") to perform "light work." [1]  Tr. at 89.  He noted, however, that:

---

[1] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. § 416.967(b).  Further, "a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  Id.

> she can occasionally climb ramps or stairs but never
> climb ropes, ladders, or scaffolds; she requires the
> option to alternate between sitting and standing once
> per hour, but she will not require a break when
> changing positions and will be able to remain on task
> while changing position; she can only understand,
> remember, and carry out short simple instructions.

Tr. at 89.  The ALJ concluded that Ellison could not perform any past relevant work, but he determined that there are jobs in the national economy that she could perform notwithstanding her RFC.

The Appeals Council denied Ellison's request for review, thereby making the ALJ's denial of her application the final decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), I am authorized to review the pleadings submitted by the parties and the administrative record and enter a judgment affirming, modifying, or reversing the "final decision" of the Commissioner.  My review "is limited to determining whether the ALJ used the proper legal standards and found facts [based] upon the proper quantum of evidence." Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000). Findings of fact made by the ALJ are accorded deference as long as they are supported by substantial evidence.  Id.  Substantial evidence to support factual findings exists "'if a reasonable

mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion.'" Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam) (quoting Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)).  If the substantial evidence standard is met, factual findings are conclusive even if the record "arguably could support a different conclusion."  Id. at 770.  Findings are not conclusive, however, if they are derived by "ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam). The ALJ is responsible for determining issues of credibility and for drawing inferences from evidence in the record.  Irlanda Ortiz, 955 F.2d at 769.  It is the role of the ALJ, not the court, to resolve conflicts in the evidence.  Id.

## III.   **ANALYSIS**

Ellison contends that the ALJ erred in finding that her "statements concerning the intensity, persistence and limiting effects of [her] symptoms" were not credible.  See Doc. No. 7 at 4.

It is the ALJ's responsibility to determine whether a claimant's statements about her symptoms are credible. See SSR 96-7p, 1996 WL 374186, at *4 (July 2, 1996); see also 20 C.F.R. § 404.1529(c)(3). A two-step analysis governs an ALJ's evaluation of symptoms. SSR 96-7p, 1996 WL 374186, at *2. First, the ALJ considers whether the claimant is suffering from "an underlying medically determinable physical or mental impairment[] . . . that could reasonably be expected to produce the individual's pain or other symptoms." Id. Second, the ALJ must determine whether the claimant's statements about her symptoms are substantiated by objective medical evidence, and if not, the ALJ must consider other relevant information to weigh the credibility of her statements. See id.; Guziewicz v. Astrue, 2011 DNH 010, 14. The ALJ's credibility assessment of the claimant "is entitled to deference, especially when supported by specific findings." Frustaglia v. Sec'y of Health & Human Servs., 829 F.2d 192, 195 (1st Cir. 1987) (citing DaRosa v. Sec'y of Health & Human Servs., 803 F.2d 24, 26 (1st Cir. 1986)). This is because the ALJ, not the reviewing court, "observed the claimant, evaluated [her] demeanor, and considered how that testimony fit in with the rest of the evidence . . . ." Id.

At step one, the ALJ found that Ellison's medically determinable impairments could reasonably be expected to cause some of her alleged symptoms.  He determined that Ellison's diabetes, obesity, and mood disorder were severe impairments.  He also considered how her weight and its impact on her ability to walk affected her functional limitations.  At step two, however, the ALJ found Ellison's statements regarding the intensity, persistence, and limiting effects of her symptoms to be unsubstantiated by objective medical evidence and not credible to the extent they were inconsistent with her RFC.

Substantial evidence supports the ALJ's finding that Ellison's back pain symptoms were not as intense or limiting as she alleged.  Despite Ellison's subjective reports, the ALJ noted that diagnostic testing did not identify any abnormality; her gait had been consistently normal; she had full strength in all her extremities; and her reports of back pain were intermittent.  Tr. at 90 (citing Tr. at 439, 441, 452, 453, 484, 518, 520).  Additionally, the ALJ gave significant weight to the opinion of Ellison's treating physician, Dr. Duda, who stated that Ellison is able to lift up to 50 pounds and is able to sit, stand, and walk for three to four hours each in an eight hour workday.  Tr. at 90 (citing Tr. at 537).

6

Ellison does not contend that the ALJ erred in relying on either the objective medical evidence or on Dr. Duda's opinion. Instead, she contends that he "ignored" evidence that supports her statements.  Nearly all of the evidence to which Ellison refers is her own testimony from the hearing.  Even her assertion that her "therapist thinks she has a bulged disk," is supported only by her own testimony and not by any statements from her therapist.  See Doc. No. 7 at 5 (citing Tr. at 40). Contrary to Ellison's argument, however, "[i]t is the ALJ's prerogative to resolve conflicting evidence, and [the court] must affirm such a determination, even if the record could justify a different conclusion, so long as it is supported by substantial evidence." Vazquez–Rosario v. Barnhart, 149 F. App'x 8, 10 (1st Cir. 2005) (internal quotation marks omitted). The ALJ is not obligated to defer to an applicant's subjective reports during hearing testimony, especially when objective medical evidence in the record contradicts those reports.  Here, the ALJ did not find Ellison's reports of the limiting effects of her symptoms to be credible because "the objective medical evidence, [her] treatment history, and the credible opinion evidence do not support her allegations."  Tr. at 90.

Substantial evidence also supports the ALJ's finding that Ellison's mental symptoms were not as intense or limiting as she alleged.  In support of his credibility determination, the ALJ relied on a variety of evidence, including: normal mental status examinations; a lack of outward signs of depression, anxiety, or agitation; a positive response to treatment when sought; her demonstrated ability to function; and opinion evidence from a psychologist and from her treating physician.  Tr. at 91-92 (citing Tr. at 392-99, [443], [454], 518, 520, 543-45).  Ellison argues that the ALJ ignored relevant evidence about her mental impairment, such as her testimony about lacking the motivation to get out of bed, experiencing memory problems, having panic attacks, and wishing she was dead every day.  Doc. No. 7 at 5-6. The ALJ did not ignore Ellison's testimony, but rather found it not credible in light of "medical observations, [her] treatment history, her demonstrated abilities, and the credible opinion evidence."  Tr. at 91.

## IV.   CONCLUSION

For the foregoing reasons, I grant the Commissioner's motion to affirm (Doc. No. 10) and deny Ellison's motion to reverse (Doc. No. 7) is denied.  The clerk is directed to enter

judgment accordingly and close the case.

     SO ORDERED.


                                      /s/Paul Barbadoro
                                      Paul Barbadoro
                                      United States District Judge

January 16, 2015

cc:   Christine Woodman Casa
      Robert J. Rabuck